Bullard, J.
The plaintiffs sue to recover, for the use of the Mechanics and Traders Bank of New Orleans, the 'balance due upon a promissory note, made payable at their banking house in Natchez.
. The defendant admits his signature, but avers in his answer, that the only value received for said note was post-notes or bills of credit of the Commercial Bank, payable twelve months after date. That for the purpose of discharging said note, he delivered to the plaintiffs eighty-nine bales of cotton, of sufficient value to discharge said note and interest; and that the proceeds would have been sufficient to pay the whole amount, had it not been for the illegal conduct of the Bank, in forcing a sale thereof. He avers, that the Bank has never fairly accounted to him for the proceeds of the cotton, and that the contract was illegal and repugnant to the constitution of the United States, the laws of Mississippi, and the charter of the Bank.
The defendant interrogated the plaintiffs upon facts and articles, and particularly, whether the consideration of the note was not a loan of post-notes as alleged in the answer. These interrogatories appear to have been answered by the cashier of the Bank.' But it is objected that they ought to have been answered by the president, and that they should be taken pro confessis. We are not prepared to say, that the answer by the cashier is re-’ guiar ; but it only follows, so far as it concerns the consideration of the note, that it was given for a loan of post-notes, and the defendant is estopped from denying that fact, by alleging it in his answer as the ground of his defence.
The record contains a statute of the state of Mississippi, which authorizes the issuing of post-notes by the banks of that State, having not more than thirteen months to run, and bearing *182 interest to be expressed on their face, at five per cent. It authorizes the banks to loan them at a rate of interest not exceeding nine per cent, and the act declares, “ that no set ofF shall be allowed, nor shall any defence be made of any failure of consideration, or want of consideration arising between the parties to any promissory note which may be discounted at any of said banks, and for which said post-notes shall have been paid out, except such de-fence shall show such note void in its inception; provided however, that the note so discounted shall be expressly payable at the bank, discounting the same.” Howard <fc Hutchinson’s Laws of Miss. 218..
F. H. and T. P. Farrar, for the plaintiffs.
Frost, for the appellant.
The note itself shows that the loan was an advance upon cotton, and there is a credit entered upon it for the proceeds of cotton sold: but if the answers to the interrogatories be rejected, there is no evidence to show to what amount the defendant is entitled as a credit, or that he ever assented to the credit as given on the note. Being of opinion, therefore, that the court erred in admitting the answer to interrogatories on facts and articles sworn to by the cashier alone, and there being no sufficient evidence without legal answers thereto, justice requires, that the case should be remanded for a new trial.
It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict be set aside, and that the case be remanded for a new trial, with directions to the Judge not to admit in evidence the answers to interrogatories on facts and articles sworn to by the cashier alone,- and that the appel-lees pay the costs of this appeal.